UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DELANEO-NATHANIEL: TILLMAN-SR., | Case No. 25-cv-2082 (LMP/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| JPMORGAN CHASE BANK NA, | |
| Defendant. | |

Plaintiff Delaneo-Nathaniel: Tillman-Sr. ("Tillman"), representing himself, filed a complaint on May 12, 2025, asserting claims relating to a car loan agreement he entered with Defendant JPMorgan Chase Bank NA ("Chase"). ECF No. 1. Specifically, Tillman asserted that Chase had violated the U.S. Constitution by attempting to collect money Tillman owed on the car loan because the "obligation was created without lawful tender and violates constitutional prohibitions against contracts requiring tender in anything but gold or silver coin." *Id.* at 1–2. Tillman also asserted common law claims of fraud, breach of fiduciary duty, and fraudulent conversion, and demanded a "full accounting" of all transactions relating to the car loan and other injunctive and equitable relief. *Id.* at 2–3.

Tillman also filed an application to proceed *in forma pauperis* ("IFP"), ECF No. 2, so his complaint was subject to pre-service judicial review to determine whether his claims were frivolous or whether the complaint otherwise failed to state a valid claim for relief, *see* 28 U.S.C. § 1915(e)(2). Upon completing that review, the Court entered an order dismissing with prejudice Tillman's constitutional claim as frivolous and declining to

exercise supplemental jurisdiction over Tillman's common law claims, which the Court dismissed without prejudice. *See* ECF No. 6 at 3–7. The Court also denied Tillman's IFP application as moot. *Id.* at 7.

Tillman filed a notice of appeal on July 1, 2025, ECF No. 8, and seeks to proceed IFP on his appeal, ECF No. 9.

A party who seeks IFP status on appeal must first "file a motion in the district court" and "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). A party may not proceed IFP on appeal, however, if the district court certifies that the appeal "is not taken in good faith." 28 U.S.C. § 1915(a)(3). To determine whether an appeal is taken in good faith, a court must evaluate whether "the claims to be decided on appeal are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DJF), 2024 WL 2818335, at *1 (D. Minn. June 3, 2024) (citing *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)).

Tillman's appeal is not taken in good faith. As noted in the Court's order dismissing this matter, Tillman's constitutional claim is frivolous. *See* ECF No. 7 at 3–5. Tillman offers nothing from which the Court can discern a non-frivolous basis for his appeal as to that claim. *See generally* ECF No. 9. The Court further observes that Tillman purports to have raised a claim under the Fair Credit Reporting Act, *id.* at 2—a claim which he plainly did not raise in his complaint, *see* ECF No. 1 at 2–3. And Tillman offers no cognizable basis for assigning error to the Court's decision not to exercise supplemental jurisdiction over his common law claims. *See generally* ECF No. 9.

Accordingly, based on the foregoing, and on all the files, records and proceedings in this matter, **IT IS HEREBY ORDERED** that Tillman's Application to Proceed IFP on Appeal (ECF No. 9) is **DENIED**.

Dated: July 8, 2025               *s/Laura M. Provinzino*
                                  Laura M. Provinzino
                                  United States District Judge